## NEW YORK LIFE INS. CO. v. HUDSON.*
### No. 5682.

Circuit Court of Appeals, Fifth Circuit.
April 12, 1930.

F. G. Thatcher and Frank J. Looney, both of Shreveport, La. (Thatcher, Browne, Porteous & Myers, of Shreveport, La., on the brief), for appellant.

Geo. G. Dimick and Wm. B. Hamilton, both of Shreveport, La., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge.

Appellee, as beneficiary, recovered judgment in an action upon a policy of insurance upon the life of her deceased husband.

The action was brought after the policy by its terms had become incontestable. The defense was that the insured in his application had made material false representations as· to consulting physicians, and as to the condition of his health. The right to contest the validity of the policy, notwithstanding the expiration of the contestable period, was based upon allegations that appellant within that period, upon receipt of proof of death, ascertained the falsity of the above-mentioned representations upon which it had relied in issuing the policy, wrote to appellee that it denied liability, and inclosed a · check for the premiums that had been paid. Apparently appellee did not receive, or she lost, that check, as appellant's answer contains the further allegations that later, at her request, it issued to her another check which contained

the recital that it was issued "as refund premium with interest on policy," sued on; that appellee cashed this last-named check and signed an agreement to hold appellant harmless for any loss on the "missing check." Appellee filed a replication denying that she received a check for the premium, but later withdrew that replication and entered a remittitur on a judgment in the amount of the premiums that had been paid on the policy. That replication made no mention of a letter denying liability on the policy which appellant alleged it sent to appellee.

Under the practice in Louisiana, replications are not recognized, but new facts alleged in an answer are considered as denied by the plaintiff. Marr's Code of Practice of 1927, art. 329.

The bill of exceptions is silent on the question whether any evidence was introduced in support of that part of the answer relating to a letter and checks pleaded by appellant. The remittitur may be accepted as sufficient proof that appellant received and cashed the second check, but there is no proof whatever of the letter which appellant pleaded, or of its contents.

The court was requested, but refused, to charge the jury that acceptance of the check by appellee operated as a suspension of the incontestable period provided in the policy, and, instead, gave a charge which left it to the jury to determine whether appellee's conduct was such as to lead appellant to believe that she would not demand payment of the policy. So far as the record before us discloses, there was no proof which would make the requested charge relevant or applicable to any evidence in the case. Certainly, we are not authorized to assume that a letter denying liability was proven merely because it was alleged.

There was no admission of the existence of such a letter by the replication which was withdrawn. Appellee's conduct cannot be relied on to postpone the beginning of the incontestable period in the absence of proof that she said or did something to mislead appellant into believing that she would not demand payment of the policy. Her acceptance of the check which contains simply a recital that it represented a refund on premiums on the policy in suit would not of itself, and as a matter of law, charge her with notice that the insurance company was insisting upon canceling the policy, since she might reasonably have believed that such acceptance was not intended to have that ef-

*Rehearing denied June 6, 1930.

fect. It is not contended that the question of her good faith in the matter was not properly submitted to the jury.

The conclusion is that error is not made to appear by the record before us.

The judgment is affirmed.